**FJC1**

Albert P. Barker, ISB #2867
Scott A. Magnuson, ISB #7916
**BARKER ROSHOLT & SIMPSON LLP**
1010 W. Jefferson St., Ste. 102
P.O. Box 2139
Boise, ID 83701-2139
Telephone: (208) 336-0700
Facsimile: (208) 344-6034
apb@idahowaters.com
sam@idahowaters.com

*Attorneys for Plaintiffs Jon L. and Wei S. Christianson*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| Jon L. and Wei S. Christianson,<br><br>Plaintiffs,<br><br>vs.<br><br>United States of America,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND TO QUIET TITLE**<br><br>Category:<br>Fee: |

Plaintiffs, Jon L. and Wei S. Christianson, by and through their attorneys of record, Barker Rosholt & Simpson LLP, and for Complaint against Defendant United States of America, hereby assert and allege as follows:

**PARTIES**

1. Plaintiffs, Jon L. and Wei S. Christianson ("Christianson") are the current owners of that certain real property and water rights described herein, located in Custer County, Idaho. Plaintiffs' real property is irrigated from a point of diversion on Fourth of July Creek, known by the United States Forest Service ("Forest Service") as the FCJ1 diversion (hereafter "FCJ1 diversion"). The FJC1 diversion is located on land owned by

the State of Idaho and the ditch between the FJC1 diversion and Plaintiffs' real property crosses land belonging to the Defendant United States of America ("United States") that is currently administered by Forest Service. The FJC1 ditch is subject to a permanent easement or right-of-way across the United States' property that is the subject of this lawsuit, arising under Section 9 of the Act of 1866, also known as RS 2339. In the alternative, the right-of-way also arises under Idaho law, specifically authorized and recognized under Idaho Code § 42-101 and § 42-1102. The right to continue to use the ditch passed as an appurtenance to the land now owned by Plaintiffs Christianson.

2. Defendant United States is the current owner of land located in S1/2 SW1/4 Section 9 T8N R14E, Boise Meridian, Custer County, Idaho. The United States acquired this parcel of land in 1933 by purchase from Burlington Savings Bank. This parcel of land is crossed by the ditch and access route between Plaintiffs' real property described herein and the FJC1 point of diversion on Fourth of July Creek. Because the ditch and access route existed on the land acquired by the United States at the time the United States acquired the parcel of land, that parcel of land is burdened by Plaintiffs' right, title and interest in the ditch, the easement and right-of-way described herein that is the subject of this action. *Welch v. Garrett,* 5 Idaho 639 (1897). The Forest Service currently administers the land held by the United States in S1/2 SW1/4 Section 9, T8N R14E, Boise Meridian, in Custer County, Idaho, that is subject to Plaintiffs' right-of-way.

**JURISDICTION & VENUE**

3. This Court has exclusive original jurisdiction of this action against the United States pursuant to 28 U.S.C. § 1346(f), as this action is brought under 28 U.S.C. § 2409a to quiet title in real property in which an interest is or may be claimed by the United

States. The Defendant asserts or may assert some claim of ownership, use or possession of the real property situated within this State that is the subject of the lawsuit. Jurisdiction and declaratory relief are further appropriate pursuant to 28 U.S.C. § 2201, as the court may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

4. Venue is proper in this District under 28 U.S.C. § 1391(b), as the real property that is the subject of the action is located in this District and substantially all or a part of the acts or omissions giving rise to this action occurred in this District.

## GENERAL ALLEGATIONS

5. This action is brought to adjudicate title to real property in which the United States claims an interest, other than a security interest or water rights. Specifically, Plaintiffs seek a determination that they have title to an irrigation ditch and right-of-way, and a right of access to the ditch and right-of-way located on real property held by the United States.

6. Plaintiffs Christianson are the current owners of land located at T8N R14E, Sections 4 and 9. Plaintiffs' predecessors in interest, George W. Achen and Glenn L. Achen, obtained title to this property in Sections 4 and 9 by virtue of applications under the Homestead Act, Public Law 37-64, 12 Stat. 392, and the Desert Land Entry Act of 1877, Ch 107 § 1, 19 Stat. 391. The Homestead Act required the applicant to live on the land for 3-5 years, and to cultivate and improve the land to obtain fee simple title to the land from the United States. The Desert Land Entry Act required the applicant to provide irrigation water to the land to obtain fee simple title from the United States within a period of three years. 43 U.S.C. § 321 *et seq*.

7. Plaintiffs' predecessor George W. Achen entered upon 160 acres of unsurveyed land on or about June 14, 1906, which was later surveyed as SW1/4 Section 9, T8N R14E, Boise Meridian. George W. Achen began building fences and a dwelling house that was completed in July 1906. At the time George W. Achen entered on the land it was public land open for settlement, and had not been withdrawn for Forest purposes in the Sawtooth National Forest. George W. Achen submitted a Homestead Entry Application for the land on October 25, 1912. On March 18, 1914, George W. Achen was issued a patent for this land. This patent was issued expressly subject to all vested rights to enter on the land for delivery of water through ditches and canals, and the ditch at issue in this quiet title action was in existence under a vested water right at the time the patent was issued.

8. Plaintiffs' predecessor George W. Achen took up 160 acres of land under the Desert Land Entry Act located between Fourth of July and Fisher Creeks and filed on that land on July 1, 1906. The entire tract was desert in character and was, when filed upon, in an unsurveyed area. The land was later surveyed and was determined to be located in W1/2 SW1/4 Section 4 and W1/2 NW1/4 Section 9 T8N R14E, Boise Meridian. George W. Achen constructed the main ditch to this property from Fourth of July Creek, beginning in July 1906. Between July 2, 1906 and July 2, 1907, George W. Achen had constructed 240 rods of the main ditch from the FJC1 point of diversion on Fourth of July Creek, or ¾ of a mile of the main ditch. The ditch covers approximately ¾ of a mile across the property in the SW1/4 of Section 9 from the FJC1 point of diversion on Fourth of July Creek. Between 1906 and 1907, Achen's Desert Land Entry land was irrigated from the FJC1 Diversion on Fourth of July Creek. The ditch from the Fourth of July

Creek crosses the land on the SW1/4 Section 9, T8N, R14E, Boise Meridian. In subsequent years, George W. Achen constructed additional ditches on his Desert Land Entry property. By 1910, the main ditch from FJC1 was completed and laterals on distribution ditches had been constructed over each legal subdivision of the land subject to the entry and water was delivered to all the irrigable lands on George W. Achen's Desert Land Entry property. At the time George W. Achen filed on this land under the Desert Land Entry Act, the land was public land and was not withdrawn for Forest purposes into the Sawtooth National Forest. The United States issued a patent to George W. Achen October 14, 1013 when the land in Section 9 was not withdrawn for Forest purposes.

9. Plaintiffs' predecessor Glenn L. Achen entered on 160 acres of land in the E 1/2 SW1/4, Section 4 and the E1/2 NW1/4 Section 4, T8N R14E, Boise Meridian, and received a patent to the land from the United States under the Homestead Act on June 18, 1920. Ditches were constructed carrying water to the land in Section 4 prior to the issuance of the patent that were connected the main ditch from FJC1 crossing the George W. Achen property to Glenn L. Achen property.

10. A portion of the George W. Achen parcel located in S1/2 SW1/4 Section 9, T8N R14E, Boise Meridian, was later transferred to a third party. This parcel in S1/2 SW1/4 of Section 9 was conveyed during the Depression in 1933 from the Burlington Savings Bank to the Forest Service by Warranty Deed. The Burlington Savings Bank was a successor in interest to that portion of the property in S1/2 SW1/4 Section 9 originally conveyed by the United States to George W. Achen under the Homestead Act. When the United States acquired the parcel of land in Section 9 from the Burlington Savings Bank

and when Burlington Savings Bank acquired this parcel of land from its predecessor, the ditch from FJC1 diversion to the land now owned by Plaintiffs was located on and across that same parcel of land. In 1933, Section 9 T8N R14E, Boise Meridian, was not within the boundaries of the National Forest, because that area had been eliminated from the National Forest by President Wilson's proclamation of May 19, 1913 and a 1928 Act of Congress. The Forest Service acquired title to the land in the S1/2 SW1/4 Section 9, T8N R14E, Boise Meridian, subject to all outstanding rights, easements and ditch rights-of-way as a matter of Idaho and federal law, under RS 2340, Act of July 9, 1870, Ch. 235 § 17, 16 Stat 218 and *Broder v. Water Company*, 101 U.S. 274 (1879). Whenever rights to use water have vested and accrued, and the vested rights in water use and ditch rights are recognized by local customs, laws and court decisions, the owners of those vested rights shall be protected in those vested rights.

11. When the United States transferred title under the Desert Land Entry Act to Plaintiffs' predecessor, George W. Achen, the patent transferred title to the land together with any and all appurtenances. Under the laws of the State of Idaho and the United States the term "appurtenance" included existing ditches which transported water for irrigation and other beneficial uses to the land that is conveyed by the patent or deed and included all rights-of-way to operate and maintain the ditches in accordance with local law and customs. The ditch to the George W. Achen Desert Land Entry land existed and carried water from the diversion on Fourth of July Creek to the land when title was transferred to George W. Achen by the United States.

12. Plaintiffs are the owners of water rights decreed by the courts of the State of Idaho for use on their real property described herein. Plaintiffs' water rights identify the

point of diversion, place of use, quantity or rate of flow, period of use and priority dates. Plaintiffs' water rights include water right numbers 71-36A and 71-2004C, 71-10767 and 71-10768. These rights were decreed in the Snake River Basin Adjudication ("SRBA") through partial decrees issued in or about 1999. The partial decrees were amended on July 21, 2014, and a second time *nunc pro tunc* effective July 21, 2014. The Final Unified Decree was issued by the SRBA Court on August 27, 2014. The water right decrees are conclusive proof of diversion of water from the FJC1 point of diversion and application of the water to beneficial use at the decreed place of use on Plaintiffs' property as of the priority date of the water right. The United States and the Forest Service were parties to the SRBA and are bound by these decrees issued by the SRBA Court.

13. Plaintiffs' water rights identified herein irrigate Plaintiffs' property in Sections 4 and 9. The FJC1 diversion is located on State land on Fourth of July Creek at T8N R14E, Section 16, just across the property line from Defendant's property in Section 9. The ditch conveying the water from the FJC1 diversion to Plaintiffs' property is located on and crosses land in S1/2 SW1/4 Section 9 belonging to the United States, currently administered by the Forest Service.

14. The land in T8N, R14E, Boise Meridian in Custer County, Idaho was originally held by the United States as part of the public domain subject to homesteading by the American people.

15. Presidential Proclamations issued in 1905 and 1906 by President Roosevelt reserved some, but not all, of the land in T8N R14E, Boise Meridian in Custer County, Idaho for use by the Forest Service.

16. Presidential Proclamation No. 1243, issued by President Wilson in 1913,

modified the area in T8N R14E, Boise Meridian in Custer County, Idaho that had been reserved for the Forest Service by moving some boundaries and restoring some lands to the public domain and reserving other lands for the Forest Service. This 1913 Proclamation eliminated Section 9 from lands administered by the Forest Service.

17. In 1928, Congress affirmed the boundaries of the lands reserved for the Forest Service located in T8N R14E, Boise Meridian in Custer County, Idaho, as modified by President Wilson's 1913 Presidential Proclamation No. 1423.

18. The land in T8N R14E that was not reserved for the Forest Service was known to the public and the United States as part of "the Salmon River Open Strip."

19. The property now owned by Plaintiffs was not within the boundaries reserved for the Forest Service by President Roosevelt, as modified by President Wilson, and confirmed by Congress. The FJC1 diversion and the main ditch and other ditches at issue herein were not located on land reserved for the Forest Service. The diversion and ditches were located within the Salmon River Open Strip.

20. In 1972, Congress enacted the Sawtooth National Recreation Area ("SNRA") Act and in 1974 reserved the remaining public domain lands in T8N R14E, Boise Meridian, Custer County, Idaho for the Forest Service to be administered as part of the Sawtooth National Recreation Area (SNRA). The current boundaries of the SNRA, now reserved for the Forest Service, encompass Plaintiffs' private property as well as the land where the FJC1 diversion and related ditches are located.

21. Plaintiffs and their predecessors have enjoyed the use of their above-mentioned water rights on this property through the FJC1 diversion and ditch located on federal land for many decades long preceding the creation of the SNRA and the reservation of

additional land for the Forest Service. These water rights are essential to the use of the Plaintiffs' property for agricultural and pastoral beneficial purposes. The FJC1 diversion and ditches are illustrated on Exhibit A attached hereto.

22. Plaintiffs and their predecessors have enjoyed the use of an access route from what is now Highway 75, across the land in S1/2 SW1/4 Section 9 to the headgate at the point of diversion at FJC1. Under the custom and practice of the local community and the law of Idaho, since at least 1881 when the territorial legislature enacted legislation concerning the right to use water, the owners or claimants to water rights been entitled to a right-of-way through the lands of others for the purposes of irrigation. This right continues to be recognized in Idaho Code § 42-1102. The location of Plaintiffs' access route is illustrated on Exhibit B attached hereto.

23. Plaintiffs have recently come to understand that the United States may assert the right to control Plaintiffs' use of water on Plaintiffs' land under Plaintiffs' water rights by exercising dominion and control over the point of diversion or the ditch and/or control over the access to the ditch to the point of diversion, where the ditch and access routes crosses Defendant's land, contrary to law, including Idaho Code § 42-1102.

24. The Forest Service has taken the position that only the Court can determine the legal rights of the parties. Accordingly, it has become necessary for Plaintiffs to seek a determination from this Court of its rights with respect to the FJC1 diversion, ditch and access route located on or that crosses Defendant's land.

25. Because of this actual and live controversy, Plaintiffs bring this quiet title and declaratory action to establish title in Plaintiffs' Christianson to the FJC1 ditch and access route in the form of a permanent easement or right-of-way.

//

**FIRST CLAIM FOR RELIEF**
**DECLARATORY RELIEF**
(28 U.S.C. § 2201)

26. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 25 of this Complaint as though they were set forth in full herein.

27. Under 28 U.S.C. § 2201 this Court may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28. Plaintiffs' predecessor in interest filed for a Desert Land Entry on Plaintiffs' current property in 1906 prior to any forest reservation, and received a patent deed or title to the property on or about 1913. Pursuant to the Desert Land Entry Act, homesteaders had to cultivate the land, which included diverting the water to the land and putting it to beneficial use on the land.

29. Appurtenant to Plaintiffs' property are the FJC1 diversion, ditches and access routes necessary to convey water from Fourth of July Creek to Plaintiffs' property.

30. When the Forest Service acquired the land crossed by the FJC1 ditch, the ditch and access route existed and conveyed and were used to convey water to Plaintiffs' property. Accordingly, as a matter of Idaho and federal law, the Forest Service took title to the property in S1/2 SW1/4 Section 9 T8N R14E subject to Plaintiffs' ditch and access rights.

31. The United States Forest Service asserts or may assert that the point of diversion on Fourth of July Creek is located at a different location than that decreed by the SRBA Court. The Forest Service asserts that the Plaintiffs do not or may not have a right-of-way

across the Forest Service land to the true point of diversion decreed by the SRBA Court even though the water rights recognize that true point of diversion and the water rights have a priority date that pre-dates the date that the United States acquired the property in S1/2 SW1/4 Section 9, T8N R14E. The United States and the Forest Service did not object to the decreed point of diversion or the priority date in the SRBA court proceedings. Regardless of the location of any constructed ditch, Plaintiffs have a right-of-way and right of access across the private land acquired by the Forest Service to travel from the ditch where it enters Plaintiffs' property to the decreed point of diversion, and to travel along the established access route as a matter of Idaho and federal law.

32. There is a real conflict with the United States over the Plaintiffs' rights and interests in the FJC1 diversion, ditch, and access route, and Plaintiffs seek an Order declaring the rights, duties and obligations concerning the named parties and all those claiming any interest in the property.

33. A judicial determination of all rights and responsibilities concerning the subject property is necessary and appropriate at this time and the Plaintiffs request an Order of this Court declaring and adjudging that Plaintiffs have a permanent real property interest under Idaho and federal law which includes the right to use the FJC1 diversion, ditch and access route located on or crossing Defendant's land as illustrated in Exhibits A and B.

## SECOND CLAIM FOR RELIEF
## QUIET TITLE
## (Act of 1866 – RS 2339)

34. Plaintiffs reallege and incorporate by reference, applicable Paragraphs 1 through 33 of this Complaint, as though they were set forth in full herein.

35. Plaintiffs have a right to convey water and utilize this diversion and right-of-way,

through the FJC1 diversion and ditch to Plaintiffs' place of use on this property pursuant to the Act of July 26, 1866, also known as the Mining Act of 1866, Ch. 262, §9, 14 Stat. 253, codified at 43 U.S.C. § 661. This Act is also known as RS 2339 from the Revised Statute Section where it was once codified. The Federal Land Policy and Management Act of 1976 ("FLPMA") repealed the Act of 1866. However, FLPMA contained a savings provision pursuant to which rights acquired under the 1866 Act prior to FLPMA's enactment were not affected. *See* 43 U.S.C. §§ 1701, 1769. The 1866 Act provided, in pertinent part, as follows:

> Whenever, by priority of possession, rights to use the water for mining, agricultural, manufacturing, or other purposes, have vested and accrued, and the same are recognized and acknowledged by the local customs, laws, and the decisions of the courts, the possessors and owners of such vested rights shall be maintained and protected in the same; and the right-of-way for the construction of ditches and canals for the purposes herein specified is acknowledged and confirmed….
>
> 43 U.S.C. § 661.

36. Plaintiffs hold vested Water Rights 71-0036A, 71-2004C, 71-10767 and 71-10768 to use the water on Plaintiffs' property decreed by the SRBA Court pursuant to the laws of the State of Idaho. The priority dates for these water rights date to 1909, many years prior to the enactment of the FLPMA that repealed RS 2339. The diversion, ditch and right of access to this property were vested and in existence and in use to convey water at least as early as 1906-1907. Therefore, these diversion, conveyance, and ditch rights, and associated rights-of-way, established prior to 1976, remain valid based upon the savings clause in FLPMA, prior use, and the water rights used on this property decreed pursuant to the laws of the State of Idaho.

37. Plaintiffs and their predecessors have continuously diverted water from the Fourth

of July Creek to the place of use on Plaintiffs' privately owned land from the FJC1 diversion and through a ditch crossing Defendant's property for irrigation and stockwater and have crossed Defendant's property for access to the ditch and point of diversion since the ditch was constructed in 1906-1907.

38. The FJC1 diversion, ditch, and access route were constructed and located on unoccupied and unreserved lands of the United States, in the Salmon River Open Strip.

39. Plaintiffs have met all requirements under the Acts of Congress to acquire a vested interest in the FJC1 diversion, conveyance of water, and easements for the ingress, egress, repair and maintenance of the right-of-way and appurtenant water rights.

40. All easements and appurtenances were attached to the land and transferred from the United States to Plaintiffs' predecessors in interest and eventually to Plaintiffs.

41. Plaintiffs seek an order quieting title to the right-of-way for ingress, egress, for conveyance of water, repair and maintenance of diversion and ditches shown on Exhibits A and B.

**THIRD CLAIM FOR RELIEF**
**QUIET TITLE**
**(Desert Land Entry Act)**

42. Plaintiffs reallege and incorporate by reference, Paragraphs 1 through 41 of this Complaint, as though they were fully set forth herein.

43. Plaintiffs have a right-of-way to convey water from the FJC1 diversion through the main ditch on federal land to the place of use on Plaintiffs' property and to access Defendant's property to reach the ditch and diversion.

44. Title to Plaintiffs' property was originally acquired via the Desert Land Entry Act of 1877. Pursuant to the Desert Land Entry Act, Plaintiffs' predecessors in interest were

required to meet certain requirements, including diverting water to the land and putting that water to beneficial use on the land to use for a period of years. Plaintiffs' predecessors constructed the diversion and ditch to irrigate the land at issue herein. Plaintiffs' predecessor in interest applied for and was granted a patent or deed conveying title, which included any and all *appurtenances*, whether expressly stated or otherwise.

45. All of these diversion, ditch, conveyance and access rights are easements and appurtenances which attached to the land and transferred from the United States to Plaintiffs' predecessor in interest and eventually to Plaintiffs, and are confirmed by RS 2340, Act of July 9, 1870, Ch. 235, § 17, 16 Stat. 218.

46. Plaintiffs seek an Order quieting title to the right-of-way in Plaintiffs to the rights-of-way shown on Exhibit A and B against Defendant, and any other persons that may claim any rights or interests.

## FOURTH CLAIM FOR RELIEF
## QUIET TITLE
(Idaho law)

47. Plaintiffs reallege and incorporate by reference, Paragraphs 1 through 46 of this Complaint, as though they were fully set forth herein.

48. Plaintiffs have a right-of-way to convey water from the FJC1 diversion through the main ditch on Defendant's property to the place of use on Plaintiffs' property. This right-of-way includes the right to enter the land across which the right-of-way extends for the purpose of cleaning and maintaining the ditch and the point of diversion.

49. Plaintiffs' predecessors acquired legal title to the real property that is served by the main Achen Ditch by patent deed in 1914. The main Achen Ditch to Plaintiffs' property was constructed in 1906-1907. The main Achen Ditch crossed the land now

owned by the United States long before the United States acquired the land in S1/2 SW1/4 Section 9. The right to cross the land in S1/2 SW1/4 Section 9, T8N R14E, to reach the point of diversion at FJC1 on Fourth of July Creek in Section 9 pre-dated the time that the Forest Service acquired the property in S1/2 SW1/4 Section 9. This right-of-way includes the right to enter on the land to access the ditch and point of diversion.

50. As a matter of Idaho law, when a party acquires land that is crossed by an existing ditch, the acquiring party takes the property subject to the rights of the ditch owner to use the ditch and to access the property to clean and maintain the ditch and the point of diversion.

51. Plaintiffs therefore seek an order Quieting Title under Idaho Code Title 6, Chapter 4, to the right-of-way in Plaintiffs to the right-of-way shown on Exhibit A, against Defendant, and any other persons that may claim any rights or interests.

## ATTORNEY'S FEES AND COSTS

Plaintiffs have been required to bring this action to protect their property rights, and for the necessary prosecution of this matter, Plaintiffs herein request an award of attorneys' fees and costs against the Defendant pursuant to Equal Access to Justice Act, 28 U.S.C. § 2412(b), Idaho Code § 12-120 and § 12-121, and any other appropriate and applicable statutes, code or regulations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

A. For a Judgment from this Court decreeing that Plaintiffs have a permanent easement crossing Defendant's property in T8N R14E, Section 9 for the FJC1 diversion and ditch, to convey water, an easement to utilize the banks of the ditch close up from the

point of diversion on Fourth of July Creek through the ditch on Defendant's land to the place of use on Plaintiffs' land and a right of access across Defendant's property for ingress, egress, and to operate, repair, and maintain the easement as shown on Exhibits A and B.

B. For a Judgment from this Court declaring the rights and interest of the parties hereto, ancillary to the permanent easement decreed herein, including the right to enter the land across which the right-of-way extends, for 50 feet on either side of the ditch for the purpose of cleaning, maintaining and repairing the ditch, canal or conduit with such personnel and equipment as is commonly used or is reasonably adapted to that work, and including a right to enter and cross Defendant's property to reach and access the ditch and point of diversion.

C. For costs and fees incurred herein as appropriate under the Equal Access to Justice Act, Idaho Code §§ 12-120 and 12-121 or otherwise; and,

D. For such other and further relief as the Court deems just and proper in the premises.

Dated this 26th day of June 2020.

**BARKER ROSHOLT & SIMPSON LLP**

/s/ Albert P. Barker
Albert P. Barker
*Attorney for Plaintiffs*